UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Case No. 24-CR-71

DARTAVIOUS D. MANNS,

    Defendant.

# ORDER

Dartavious D. Manns is charged with one count of possessing a firearm after having been convicted of a felony. (ECF No. 1.) Manns appeared on May 2, 2024, and, in accordance with the court's longstanding practice, it ordered that all pretrial motions be filed within 15 days, *i.e.*, by May 17, 2024. (ECF No. 5.) Chief Judge Pamela Pepper scheduled a jury trial to begin on July 8, 2024.

Just before the close of business on May 17, 2024, Manns filed motions to adjourn the trial (ECF No. 8) and for an extension of time to file pretrial motions (ECF No. 9)..

A motion for extension of time in a criminal case is subject to two provisions: Federal Rule of Criminal Procedure 45(b) and the Speedy Trial Act, 18 U.S.C. § 3161. Under Fed. R. Crim. P. 45(b)(1), a motion for an extension of time must be supported by

good cause. Central to a finding of good cause is the diligence of the movant. *See Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852 (7th Cir. 2022) (discussing diligence vis-à-vis good cause under Fed. R. Civ. P. 16(b)(4)).

As to the Speedy Trial Act, Congress passed the Act "to give effect to the sixth amendment right to a speedy trial …." S. Rep. No, 93-1021 at 1 (July 18, 1974); *United States v. Macdonald*, 456 U.S. 1, 7 n.7 (1982). In doing so, Congress acknowledged that the right to a speedy trial belongs not only to the defendant but to the public. *See* 18 U.S.C. § 3161(h)(7). The public is prejudiced by delays in the form of increased costs associated with pretrial incarceration or supervision, the danger posed by defendants on pretrial release, and the fact that research has shown that pretrial delays undermine deterrence and increase recidivism.

The Speedy Trial Act requires that, with the exception of cases that are "unusual" or "complex," a criminal case will proceed to trial within 70 days of the later of the defendant's initial appearance or the public filing of the indictment. 18 U.S.C. § 3161(c)(1), (h)(7)(B)(ii); *Zedner v. United States*, 547 U.S. 489, 497 (2006). To comply with the Act and Congress's clear mandate that criminal prosecutions proceed as expeditiously as possible, the judges of this court long ago adopted a standard schedule requiring that all pretrial motions be filed within 15-days of the defendant's arraignment. *Cf. Bloate v. United States*, 559 U.S. 196, 215 (2010) (holding that time for

preparing pretrial motions is not automatically excluded from the 70-day clock under the Speedy Trial Act).

In a case that is not "unusual" or "complex," the court may grant a continuance under the Speedy Trial Act only if failing to do so "would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

There is no suggestion that Manns's case is "unusual" or "complex." To the contrary, in the spectrum of federal criminal charges, a charge that a person unlawfully possessed a firearm is routine and straightforward in terms of the nature and extent of discovery, likely investigation, potential pretrial motions, and possible defenses. Nonetheless, Manns's attorney states that he requires three more weeks because he "has not reviewed all the discovery that has been produced." (ECF No. 9, ¶ 3.)

Counsel's explanation is nothing more than an acknowledgment that he failed to comply with the court's deadline. He has failed to demonstrate the diligence required under Rule 45(b) and 18 U.S.C. § 3161(h)(7)(B)(iv). To be entitled to an extension, counsel must state, in detail, facts sufficient to enable the court to conclude both that: (1) he has made diligent efforts to comply with the court's deadline; and (2) that despite those diligent efforts, the time afforded was unreasonable. It is not enough to merely

state that counsel has not yet completed a review of the discovery, especially without any explanation of the amount of the discovery or why the review of it is not yet complete. Diligence requires a showing that circumstances were such that it was not reasonable for counsel to have complied with the deadline.

In addition, the length of any requested extension must be sufficient but no longer than necessary, again taking into account diligent efforts to proceed expeditiously and keeping in mind Congress's expectation that all but the unusual or complex cases will be able to proceed to trial within 70 days of arraignment. The court is unlikely to approve any extension that is longer than appears warranted by the nature of the case and the facts in the motion. The court is also unlikely to approve multiple extensions.

With regard to the length of the requested extension, defense counsel has made no effort to explain why, given the specific facts and circumstances of this case, an additional three weeks (and thus a total period of more than double the time allotted under the court's standard order) are necessary. He has not explained why, given reasonable diligence, he could not prepare pretrial motions in less time.

Motions for extension of time must be the exception, reserved for the uncommon case where facts or circumstances make compliance with the court's order unreasonable. The court's standard 15-day deadline for pretrial motions (and its separate procedures for "complex" cases, *see United States v. Doxtater*, 19-CR-98, ECF No. 18 (E.D. Wis.)),

4
Case 2:24-cr-00071-PP-WED   Filed 05/20/24   Page 4 of 7   Document 11

reflect the court's reasoned efforts to adopt means to ensure compliance with the Speedy Trial Act. They have existed for decades, with most cases in that period proceeding in accordance with the standard schedule. But today motions for extension of time are ubiquitous. The extensions the court used to see were for a few days; now the extensions are commonly for a few weeks (or longer). And while there was a time when one extension was uncommon, today it is routine to see multiple motions requesting lengthy extensions in the same case.

The court appreciates that this boon in extensions has coincided with significant changes regarding the nature and volume of criminal discovery. A simple case that may have once generated only a few police reports now may include hours of often duplicative bodycam and dashcam footage from every officer involved, gigabytes of data from the defendant's cellphone, and a diverse amount of other electronic evidence.

The Speedy Trial Act, however, has not changed. Granted, the usual case today is almost certainly more complex than in 1974, at least in terms of the volume of discovery. But it is inconsistent with the Speedy Trial Act for the court to effectively exempt usual cases from the strictures of the Act by characterizing them as "unusual" or "complex," 18 U.S.C. § 3161(h)(7)(B)(ii), or by accepting that the parties cannot meet the Act's deadline through reasonable diligence, 18 U.S.C. § 3161(h)(7)(B)(iv).

The pretrial motions deadline is only that—the deadline for filing pretrial motions. It is not the deadline by which counsel must have reviewed discovery with the

thoroughness necessary to prepare for trial or to advise a client as to a plea. Not all discovery is likely to lend itself to pretrial motions. It is not the deadline by which the defendant must have been able to personally review the discovery in full; motions are, after all, largely the domain of counsel. It is not the deadline by which plea agreements must be negotiated and signed. It is also not, strictly speaking, the deadline by which the government must tender all discovery. Notwithstanding the court's Local Rule that "the government must undertake its best efforts to make as much discovery available as possible at arraignment or within 5 days after arraignment," Crim. L.R. 16(a)(3), the government's failure to promptly provide complete discovery has been a troublingly frequent reason cited for extensions of time. But if the government tardily tenders discovery that discloses a basis for a motion that could not have been filed by the motions' deadline, relief to file an untimely pretrial motion is appropriate.

Because Manns has failed to demonstrate good cause for an extension of time, much less an extension of three weeks, the motion (ECF No. 9) is **denied**. Nonetheless, to ensure Manns's right to the effective assistance of counsel, the deadline for filing pretrial motions is amended as follows: All pretrial motions are due no later than May

24, 2024. Responses are due no later than June 4, 2024. Any reply is due no later than June 10, 2024.

    **SO ORDERED.**

    Dated at Milwaukee, Wisconsin this 20th day of May, 2024.

                                                  _____
                                                    WILLIAM E. DUFFIN
                                                    U.S. Magistrate Judge