UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                      Case No. 24-cr-71-pp

DARTAVIOUS MANNS,

    Defendant.

**ORDER ADOPTING JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 15) AND DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT (DKT. NO. 12)**

      On April 9, 2024, the grand jury returned a one-count indictment charging the defendant with being a prohibited person in possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(a)(8). Dkt. No. 1. The indictment alleged that the defendant possessed the firearm on or about November 22, 2023, knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding a year. Id. The defendant timely filed a motion to dismiss the indictment, arguing that the Second Amendment guarantees him the right to possess a firearm and that §922(g)(1) is unconstitutional both facially and as applied to him. Dkt. No. 12.

      Magistrate Judge William E. Duffin has recommended that the court deny the defendant's motion to dismiss. Dkt. No. 15. Judge Duffin observed that every judge of this court to consider the defendant's argument "has found that prohibiting persons convicted of any felony from ever being able to possess

1

a firearm is consistent with the history and tradition of the Second Amendment." Id. at 1-2 (citing United States v. McCaa, No. 23-cr-8-pp, 2024 WL 2991332 (E.D. Wis. June 14, 2024); United States v. Neal, No. 23-cr-0141-bhl, 2024 WL 1794424 (E.D. Wis. Apr. 25, 2024); United States v. Davis, No. 22-cr-210-jps, 2024 WL 490581 (E.D. Wis. Feb. 8, 2024); United States v. Johnson, No. 22-cr-254-LA, 2023 WL 7284848 (E.D. Wis. Nov. 3, 2023); United States v. Watson, No. 23-cr-109-WCG, 2023 WL 6623774 (E.D. Wis. Oct. 11, 2023); United States v. Contreras, No. 23-cr-185, 2023 WL 1366974 (E.D. Wis. Apr. 1, 2024); United States v. Neal, No. 23-cr-141, 2023 WL 6623774 (E.D. Wis. Oct. 11, 2023); United States v. Denruyter, No. 23-cr-155, 2023 WL 8098783 (E.D. Wis. Oct. 17, 2023); United States v. Washington, No. 23-cr-35, 2023 WL 10352022 (E.D. Wis. Sept. 15, 2023)). Judge Duffin concluded that "[f]or the reasons set forth in these decisions, statutory prohibitions of felons possessing firearms are not facially unconstitutional nor unconstitutional as applied to [the defendant]." Id. at 2. Judge Duffin advised the defendant that "any written objection to any recommendation herein or any part thereof shall be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier." Id. at 2-3. More than fourteen days later, the defendant has not filed an objection.

Federal Rule of Criminal Procedure 59(b) governs a district court's referral to magistrate judges of motions to dismiss in criminal cases. Parties have fourteen days to file "specific objections" to a magistrate judge's report and recommendation on a motion to dismiss. Fed. R. Crim. P. 59(b)(2). The

district judge must review *de novo* the portions of the magistrate judge's recommendations to which a party timely objects. 28 U.S.C. §636(b)(1); Fed. R. Crim. P. 59(b)(2), (3). The court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1). If the defendant does not make a specific objection to the magistrate judge's proposed findings and recommendations, the defendant waives the right to review. Fed. R. Crim. P. 59(b)(2). That said, even absent an objection, a district judge "retains full authority to decide whether to . . . review the magistrate's report," and 28 U.S.C. §636 "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." Thomas v. Arn, 474 U.S. 140, 154 (1985); see also Mathews v. Weber, 423 U.S. 261, 271 (1976) (a district judge is free to "follow . . . or wholly to ignore" a magistrate judge's recommendation, or if the district judge is not satisfied, "[s]he may conduct the review in whole or in part anew").

The defendant's motion raises the same facial and as-applied challenges to §922(g)(1) that the undersigned recently considered and rejected in United States v. McCaa, No. 23-cr-8-pp, 2024 WL 2991332 (E.D. Wis. June 14, 2024). In McCaa, as here, the defendant outlined his nonviolent criminal history and argued that the government could not meet its burden for enforcing §922(g)(1) under the new framework articulated in New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022) because (1) "[t]he historical record demonstrates that laws prohibiting non-violent felons from possessing arms did not appear until the 20th century" and (2) "[a]t the time that the Second Amendment was

3

ratified, there were not any felon-in-possession laws on the book, nor were there any other firearms restrictions that were meaningfully similar to § 922(g)(1)." See United States v. Manns, Case No. 24-cr-71, Dkt. No. 12; McCaa, Case No. 23-cr-8, Dkt. No. 56.

The undersigned rejected McCaa's facial and as-applied challenges to §922(g)(1). Regarding the facial challenge, the court found that "the government . . . satisfied its burden to show that §922(g)(1) is facially constitutional because it 'is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.'" McCaa, 2024 WL 2991332, at *19. Regarding the as-applied challenge, the court concluded that "[t]he defendant ha[d] not 'provide[d] [a] historical basis for individualized assessments or for delineating between individuals who committed violent versus non-violent crimes," and that "[e]ven if he had, the defendant ha[d] not demonstrated that §922(g)(1) [was] unconstitutional as applied to him." Id. at *26 (citations omitted).

Judge Duffin did not mention the fact that on April 12, 2024—over a month before the defendant filed his motion to dismiss—the Seventh Circuit Court of Appeals decided United States v. Gay, 98 F. 4th 843, 846 (7th Cir. 2024), in which the defendant argued that his §922(g)(1) conviction was unconstitutional because "the Second Amendment permits persons with felony convictions to possess both firearms and ammunition, notwithstanding statutes such as 18 U.S.C. §922(g)(1)." The Seventh Circuit rejected that argument:

> This argument is hard to square with *District of Columbia v. Heller*, 554 U.S 570 . . . (2008), which in the course of holding that the

4

Second Amendment creates personal rights pointedly stated that "longstanding prohibitions on the possession of firearms by felons" are valid. *Id.* at 626 . . . . When extending *Heller* to the states, the Court in *McDonald v. Chicago*, 561 U.S. 742, 786 . . . (2010) (lead opinion), reassured readers that all of the reservations and provisos in the *Heller* opinion retain validity. And in the Court's most recent Second Amendment decision, *New York State Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1 . . . (2022), Justices Alito and Kavanaugh, whose votes were essential to the majority, wrote separately to say that *Bruen* did not change anything about *Heller*. See 597 U.S. at 72 . . . (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed anything that we said in *Heller* or *McDonald* about restrictions that may be imposed on the possession or carrying of guns."); *id.* at 80-81 . . . (Kavanaugh, J., joined by the Chief Justice, concurring) (endorsing the statement in *Heller* about the propriety of denying firearms to felons).

Id.

Incorporating its analysis in McCaa and the Seventh Circuit's reasoning in Gay, the court will adopt Judge Duffin's recommendation in full and deny the defendant's motion to dismiss.

The court **ADOPTS** Judge Duffin's recommendation. Dkt. No. 15.

The court **DENIES** the defendant's motion to dismiss the Indictment. Dkt. No. 12.

The court will separately communicate with the parties regarding the next steps in the litigation.

Dated in Milwaukee, Wisconsin this 10th day of July, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

5